Bajandas Vélez, Jueza Ponente
TEXTO COMPLETO DE LA RESOLUCION
Comparece el Estado Libre Asociado de Puerto Rico (ELA) como peticionario en el recurso KLCE-2003-00290 y nos solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI) el 7 de febrero de 2003 y notificada el 14 de febrero de 2003. Dicha resolución dio por admitidas las preguntas contenidas en un requerimiento de admisiones cursado por C & A, S.E. a la Administración de Corrección.
Por su parte, la demandante C & A, S.E. nos solicita, en el recurso KLCE-03-00326, la revocación de la resolución emitida y notificada por el TPI en las fechas antes indicadas que declaró no ha lugar la moción de *768 sentencia sumaria solicitada por ésta. Por último, mediante el recurso KLCE-03-00502, C & A, S.E. cuestiona el dictamen emitido por el TPI el 11 de marzo de 2003, notificado el 20 de igual mes y año: (1) que declaró con lugar la reconsideración del ELA respecto a su resolución dando por admitidos los requerimientos de admisión, y (2) que declaró no ha lugar la reconsideración de la demandante a la denegatoria de su moción de sentencia sumaria.
Evaluados los escritos de las partes en los tres recursos, al igual que el derecho aplicable, resolvemos denegar la expedición del auto en los recursos consolidados del epígrafe.
I
El 20 de junio de 2001, C & A, S.E. presentó demanda contra el Hon. Víctor Rivera González, entonces Administrador de la Administración de Corrección, el Departamento de Corrección y Rehabilitación y el Estado Libre Asociado de Puerto Rico. Alegó que la Administración de Corrección, a través de su Gerente de Construcción, Rosser-R&G, suscribió un contrato con la demandante el 5 de marzo de 1999 para el desarrollo de los llamados “Modular Detention Units”-en los complejos correccionales de Bayamón, Aguadilla (Guerrero) y Ponce. Adujo que, de conformidad con el aludido contrato, la Administración de Corrección se obligó a pagar las certificaciones parciales que se le sometieran luego de ser aprobadas por su Gerente de Construcción. Expuso, además, que le sometió al mencionado Gerente de Construcción certificaciones parciales montantes a $419,788 para su evaluación y aprobación correspondiente y que éste recomendó que las mismas fuesen pagadas. Reclamó que, al presente, la Administración de Corrección se ha negado a satisfacer las mismas, a pesar de haber sido requerida para ello extrajudicialmente en varias ocasiones. Sostuvo que la deuda estaba vencida, era líquida y exigible y que la demandada estaba en mora, por lo que procedía la imposición de intereses legales desde la fecha en que procedía hacer el pago por las cantidades adeudadas. Finalmente, suplicó el pago de la suma reclamada, más las costas, gastos, honorarios de abogado e intereses legales por mora.
Posteriormente, el 3 de octubre de 2001, C & A, S.E. enmendó la demanda añadiendo una segunda causa de acción. Así, señaló que por motivos imputables a la parte demandada, ésta había tenido que permanecer en la obra más tiempo que lo pactado contractualmente, por lo que el demandado venía obligado a responderle por los costos directos e indirectos y administrativos por la extensión del contrato. La demandante estimó que tales costos ascendían a $973,121. También reclamó daños y perjuicios, más intereses.
El 15 de noviembre de 2001, el ELA contestó la demanda enmendada, negando todos los hechos de la misma. Adujo como defensa afirmativa, entre otras, que la reclamación adolecía de falta de causa que justificara un remedio en cuanto a la Administración de Corrección y al Departamento de Corrección y Rehabilitación. También negó que adeudara lo reclamado por la demandante. Apéndice del Peticionario, págs. 19-21. En igual fecha, el ELA presentó moción informando al TPI haber notificado a la parte demandante un Primer Pliego de Interrogatorios y Requerimientos de Admisiones y Producción de Documentos. Apéndice del Peticionario, pág. 22.
Mediante moción presentada el 13 de diciembre de 2001, C & A, S.E. solicitó prórroga de treinta días para contestar u objetar el aludido pliego de interrogatorios. Apéndice del Peticionario, pág. 23. Además, en moción fechada 13 de septiembre de 2002, C & A, S.E. informó al TPI que en dicha fecha estaba notificando a la parte demandada un Interrogatorio, Requerimiento de Producción de Documentos y Requerimiento de Admisiones para que fuese contestado en el término de 30 y 20 días, respectivamente. Apéndice del Peticionario, pág. 25.
El 26 de septiembre de 2002, C & A, S.E. solicitó permiso para presentar una segunda demanda enmendada que, en esencia, aumentaba el monto reclamado por las certificaciones parciales a $505,823. Apéndice del Peticionario, págs. 29-31. De este modo, la demandante reclamó de la parte demandada el pago de la suma total de $505,823 por las certificaciones parciales y $973,121 por los costos directos, indirectos y administrativos del proyecto, más las costas, gastos, honorarios de abogado e intereses por mora.
*769 Por moción fechada el 14 de octubre de 2002, C & A, S.E. solicitó al TPI que dictara sentencia sumaria a su ' favor. Expresó que el 13 de septiembre de 2002 le había cursado un Interrogatorio, Requerimiento de . Producción de Documentos y Requerimiento de Admisiones al ELA; que había transcurrido el plazo de 20 días que establecían las Reglas de Procedimiento Civil sin que éste hubiese contestado los últimos, “... por lo cual se tienen los mismos por admitidos. ” Apéndice del Peticionario, pág. 32. Explicó que en los Requerimientos de : Admisión le había solicitado a la parte demandada que admitiera:
“(1) que la Administración de Corrección no ha pagado la cantidad de $419,788.00 a la parte i demandante;

(2) que la parte demandante tiene derecho a que la Administración de Corrección le pague la cantidad $505,823.00;

(3) que se había negado a pagar la cantidad de $505,823 sin derecho a ello a pesar de que la parte demandante le ha requerido dicho pago;

(4) que dicha deuda estaba vencida,

(5) que era líquida y exigible;

(6) que el proyecto objeto de la demanda y demanda enmendada se había atrasado por causas no ; imputables a la parte demandante;

(7) que se atrasó por causas imputables a la parte demandada; '

(8) que tal atraso tuvo costos directos e indirectos y administrativos;

(9) que la parte demandada responde a la parte demandante por tales costos;

(10) que el demandado admitiera que a causa del atraso la demandante había sufrido daños;

(11) que los costos directos e indirectos y administrativos por la extensión del contrato ascendían a $973,121, deuda por la cual la parte demandada le era responsable. ”

A base de que los aludidos hechos estaban admitidos, C & A, S.E. suplicó del tribunal que resolviera el caso mediante sentencia sumaria. Unió a su moción copia de la Moción Informativa de 16 de septiembre de 2002 y del pliego de Interrogatorios, Requerimiento de Producción de Documentos y Requerimientos de Admisiones. Apéndice del Peticionario, págs. 32-50.
Mediante orden notificada el 25 de octubre de 2002, el TPI concedió a la parte demandada 30 días para que replicara a la aludida moción de sentencia sumaria. Apéndice del Peticionario, pág. 51.
El 24 de octubre de 2002, la parte demandada presentó escrito titulado Oposición a Solicitud de Sentencia Sumaria. Adujo, entre otros, que la sentencia sumaria no procedía, pues la misma se fundamentaba en un único incumplimiento de la parte demandada con los mecanismos de descubrimiento de prueba. Justificó el mismo en que, a pesar de las gestiones realizadas, el proceso para la recopilación de la información necesaria para someter una contestación adecuada al Interrogatorio de la parte demandante no había culminado.
En la misma fecha en que presentó su Oposición a la Sentencia Sumaria, la parte demandada solicitó prórroga para someter sus contestaciones al requerimiento de descubrimiento de prueba de la demandante. *770 Suplicó, en particular, que se le concedieran 30 días para contestar el requerimiento o hasta el 16 de noviembre de 2002 para ello. En orden de 6 de noviembre de 2002, notificada el 8 de noviembre de 2002, el TPI declaró ha lugar la solicitud de prórroga. 
Así las cosas, el 18 de noviembre de 2002, el ELA solicitó otra prórroga de 20 días para someter las contestaciones al descubrimiento solicitado por el demandante, debido a que por lo voluminoso del mismo la recopilación de la información y documentos aún no había culminado. Apéndice del Peticionario, págs. 59-60. En orden dictada el 10 de diciembre de 2002, pero notificada el 14 de febrero de 2003, el TPI concedió al ELA hasta el 18 de diciembre de 2002 para cumplir con el descubrimiento. Véase Apéndice del Peticionario, pág. 70.
Entre tanto, C & A, S.E. presentó otra moción fechada 8 de enero de 2003 solicitando se dictara sentencia. Nuevamente, el ELA se opuso mediante escrito titulado Segunda Oposición a Solicitud de Sentencia Sumaria presentado el 3 de febrero de 2003. Apéndice del Peticionario, pág. 65.
Respecto a la moción de la demandante de 8 de enero de 2003, el TPI dispuso lo siguiente mediante orden emitida el 7 de febrero de 2003, notificada el 14 del mismo mes y año:
“SE LE CONCEDIO PRORROGA A LOS DEMANDADOS Y NO CONTESTARON EL REQUERIMIENTO DE ADMISIONES A PESAR DEL TERMINO CONCEDIDO. SE DAN POR ADMITIDOS LAS PREGUNTAS DEL REQUERIMIENTO. NO SE DICTA SENTENCIA SUMARIA. ”
Por no estar de acuerdo con la aludida determinación respecto a la admisión de los requerimientos, el ELA solicitó reconsideración el 4 de marzo de 2003. En igual fecha, C & A, S.E. también solicitó reconsideración de la negativa del TPI a disponer del caso por sentencia sumaria.
Inconforme con el dictamen dando por admitidos los requerimientos de admisión, el ELA presentó el 10 de marzo de 2003, el Recurso de Certiorari Núm. KLCE-03-00290. En el mismo imputó como único error cometido por el TPI que:

“ERRO EL TRIBUNAL DE PRIMERA INSTANCIA AL DAR POR ADMITIDO UN REQUERIMIENTO DE ADMISIONES RELACIONADO A LA CUANTIA DE DAÑOS ALEGADOS POR LA PARTE DEMANDANTE. ”

Por su parte, C & A, S.E. también instó Petición de Certiorari Núm. KLCE-03-00326 el 17 de marzo de 2003. Señaló que:

“Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan al declarar NO HA LUGAR la Moción de Sentencia Sumaria presentada por la peticionaria. ”

El 11 de marzo de 2003, estando ya radicado el recurso del ELA y antes del de C & A, S.E., el TPI resolvió las dos mociones de reconsideración presentadas por las partes, declarando sin lugar la de C & A, S.E. y ha lugar la presentada por el ELA. Dicha resolución fue notificada el 20 de marzo de 2003. Véase copia de dicho dictamen como anejo a la moción presentada por el ELA el 2 de abril de 2003.
El 16 de abril de 2003, ordenamos la consolidación de los recursos Núms. KLCE-03-00290 y KLCE-03-00326. Estando éstos pendientes, el 22 de abril de 2003, C & A, S.E. presentó otro recurso de Certiorari, al que se le asignó el Núm. KLCE-03-00502. En éste cuestionó la decisión del TPI respecto a las mociones de reconsideración. Así, señaló que:

“Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, al declarar HA LUGAR la 
*771
solicitud de reconsideración mediante la cual reconsideró su determinación de dar por admitidos los requerimientos de admisiones y por declarar No Ha Lugar la moción de reconsideración presentada por la peticionaria. ”

A solicitud del ELA, ordenamos la consolidación de este último recurso (KLCE-03-00502) con los otros dos.
A tenor con resoluciones nuestras al efecto, C & A presentó su alegato de oposición en el caso KLCE-03-00290 el 22 de mayo de 2003. Por su parte, el ELA presentó los suyos en oposición a los recursos KLCE-03-00326 y KLCE-03-00502 el 9 de mayo de 2003 y 9 de junio de 2003, respectivamente, quedando así perfeccionados todos los recursos.
El ELA plantea en el recurso Núm. KLCE-03-00290 que, a pesar de la doctrina sentada en Audiovisual Language v. Sistema, 144 D.P.R. 563 (1997), y la Regla 33 de Procedimiento Civil, cuando se trata de daños, el Tribunal Supremo de Puerto Rico ha resuelto que es obligación del tribunal celebrar una vista y exigir evidencia para determinar el importe de los mismos o comprobar la veracidad que cualquier aseveración en este tenor. De este modo, argumenta que no es procedente dictar sentencia sumaria a base de una admisión tácita hecha por la otra parte sobre la cuantía de los daños que ha sido obtenida mediante un requerimiento de admisiones que no ha sido contestado en el plazo reglamentario.
De otra parte, señala que el Tribunal Supremo ha establecido, por ejemplo, en cuanto al valor de los gastos de reparación de un vehículo, como en Audiovisual Language, supra, y los gastos de transportación, que los mismos deben estar avalados por documentos. Igualmente expone que las angustias mentales, por ser altamente subjetivas y cuya valoración depende de la credibilidad, requieren una vista para su adjudicación. En razón de ello, el ELA concluye que el foro de instancia erró al dar por admitidas las cuantías reclamadas, las cuales en sí mismas no son susceptibles de ser determinadas sin la celebración de una vista evidenciaría.
Por su parte, C & A, S.E. en su Alegato de Oposición a este recurso, insiste en que la actuación del TPI fue correcta, a la luz del texto de la Regla 33 de Procedimiento Civil y el plazo de 20 días allí concedido para negar u objetar los requerimientos de admisión. Precisa que a pesar de que la parte demandada admite que recibió el requerimiento el 17 de septiembre de 2002 y que tenía hasta el 7 de octubre de 2002 para reaccionar al mismo, no es hasta el 24 de octubre de 2002 que solicita una prórroga para contestarlos. Concluye que estos requerimientos deben ser dados por admitidos.
En la Petición de Certiorari KLCE-03-00326, C & A, S.E. expone que el TPI debió haber resuelto el caso por sentencia sumaria y que al denegar dicho mecanismo incidió. Basa su planteamiento en que los requerimientos de admisión no habían sido contestados por la parte demandada en el término correspondiente ni dentro de la prórroga concedida por el tribunal para ello. Intima que distinto al caso de Audiovisual Language, supra, el de autos no requiere el desfile de prueba para aquilatar credibilidad.
Por su parte, el ELA aduce en dicho recurso que conforme a la doctrina vigente, no procedía dictar sentencia sumaria en este caso, por lo que el TPI actuó correctamente al denegarla. Explica que este mecanismo sólo procede cuando se desprende claramente que la causa de acción no expone controversia genuina de hechos materiales, por lo que la celebración de una vista en su fondo resulta ser innecesaria. Reitera que en este caso hay que celebrar una vista evidenciaría, puesto que se le está reclamando al ELA el pago de dinero y existe controversia en torno a ello.
Finalmente, en el recurso KLCE-03-00502, C & A, S.E. reitera que el TPI debió haber dispuesto de este caso por el mecanismo de sentencia sumaria, por lo que entiende, que erró el TPI al declarar sin lugar su moción de reconsideración. Además, plantea que el TPI incidió al declarar con lugar la solicitud del ELA para *772 dejar sin efecto la admisión de los requerimientos.
II
Como se sabe, la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, en su Artículo 4.002 (f), 4 L.P.R.A. see. 22 k (f), establece que el Tribunal de Circuito de Apelaciones conocerá entre otros asuntos:
“(f) Mediante auto de certiorari expedido a su discreción, de cualquier otra resolución u orden dictada por el Tribunal de Primera Instancia ...”. (Enfasis nuestro). 
El caso de autos nos brinda la oportunidad de considerar varios de los criterios que han de guiar nuestra discreción en cuanto a la expedición de un auto de Certiorari. Dichos criterios se hallan detallados en la Regla 40 del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, la cual reza, en lo pertinente, como sigue:

“El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. ”

Analizados los tres recursos ante nos a la luz de la normativa anterior, concluimos que este no es el momento idóneo para la consideración del caso de epígrafe como solicitan ambas partes en sus respectivos recursos. Advertimos, en primer lugar, que los recursos plantean, en esencia, lo mismo y solicitan remedios similares. Esto es, que se revisen los dictámenes interlocutorios emitidos por el TPI el 7 de febrero de 2003 respecto a haber dado por admitidos los requerimientos de admisión notificados al ELA y por haber denegado la moción de sentencia sumaria presentada por C & A, S.E. para disponer del caso.
De los autos se desprende que en su resolución de 11 de marzo de 2003, el TPI dejó sin efecto la admisión de los requerimientos según solicitado por el ELA. Igualmente, mantuvo su dictamen de no resolver el caso por sentencia sumaria. Por no ser dichas decisiones incorrectas en derecho, somos del criterio que no se amerita nuestra intervención en el caso KCD-2001-0516 en esta etapa de los procedimientos. Entendemos que el tribunal está manejando diligente y adecuadamente los procedimientos al igual que está resolviendo los planteamientos de las partes con prontitud. Ciertamente, nuestra intervención en esta etapa de los procedimientos, lejos de adelantar el caso, lo retrasaría. No encontramos que los recursos envuelvan controversias que requieran consideración más detenida de este foro o que si no intervenimos, habría un *773 fracaso de la justicia. En vista de ello, procede denegarlos.
III
Por los fundamentos anteriormente expresados, se deniegan los recursos de Certiorari Núm. KLCE-03-00290, KLCE-03-00326 y KLCE-03-00502.
Notifíquese de inmediato por la vía ordinaria.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2004 DTA16
1. Con relación al escrito de oposición a la solicitud de sentencia sumaria, otro magistrado ordenó que fuese referida a la' atención de la jueza a cargo del caso. Apéndice del Peticionario, pág. 58.
2. Por su parte, la Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, en su Art-. 4.006 dispone que:

“El Tribunal de Apelaciones conocerá de los siguientes asuntos:

(b) Mediante auto de Certiorari expedido a su discreción, de cualquier resolución u orden dictada por el Tribunal de Primera Instancia... (Enfasis en el original.)
3.Como se sabe, la denegatoria en cuanto a expedir el auto de certiorari en nada prejuzga los méritos del asunto o cuestión planteada, pudiendo ello ser reproducido nuevamente mediante el correspondiente recurso de apelación ante este foro. Núñez Borges v. Paoneto Rivera, 130 D.P.R. 749, 755 (1992).